Jenna Dakroub, CA # 350170
CONSUMER JUSTICE LAW FIRM PLC
16130 Ventura Blvd., Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733
E: jdakroub@consumerjustice.com
*Attorneys for Plaintiff,*
*Marilyn Kay Burke*

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN KAY BURKE, | Case No. 2:24-cv-02893-TLN-JDP |
| Plaintiff, | Hon. Troy L. Nunley |
| v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC; VERIZON WIRELESS SERVICES, LLC; AND, AMERICREDIT FINANCIAL SERVICES, INC. d/b/a GM FINANCIAL, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Marilyn Kay Burke ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Americredit Financial Services, Inc. d/b/a GM Financial ("GM Financial") (collectively, the "Parties") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced, or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, or other proprietary information belonging to the Defendants, and/or personal income, credit, and other confidential

information of Plaintiff (hereinafter collectively referred to as the "Confidential Information").

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

<u>Definitions:</u>  As used in this protective order:

(a) "Counsel for the Parties" means counsel who has appeared in this action or is an employee of any named firm and actively assisting counsel of record in the matter;

(b) "confidential" means a document reasonably designated as confidential under this protective order;

(c) "destroy" means to shred or delete information received.

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice, including email;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

2. The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery,

1  testimony, or other information that the Parties have designated as Confidential
2  Information shall constitute Confidential Information, both in form and substance.
3  Any party or non-party producing or filing documents or other materials in this action
4  (the "Producing Party") may designate such materials and the information contained
5  therein subject to this Order by typing or stamping on the front of the document, or
6  on the portion(s) of the document for which confidential treatment is designated,
7  "Confidential."

8      3.    If a Producing Party believes in good faith that, despite the provisions
9  of this Protective Order, there is a substantial risk of identifiable harm to the
10 Producing Party if particular documents it designates as "Confidential" are disclosed
11 to all other parties or non-parties to this action, the Producing Party may designate
12 those particular documents as "Confidential—Attorneys' Eyes Only."

13     4.    Deposition testimony can be designated by the Parties as Confidential
14 Information. The Parties can designate portions of such testimony as Confidential
15 Information by providing written notice of such designation to the opposing Parties
16 within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty
17 (30) days after receipt of the transcribed testimony, such testimony shall be treated
18 by the Parties as Confidential Information.

19     5.    To the extent any motions, briefs, pleadings, deposition transcripts, or
20 other papers to be filed with the Court incorporate documents or information subject
21 to this Order, the party filing such papers shall designate such materials, or portions
22 thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file
23 them with the clerk under seal; provided, however, that a copy of such filing having
24 the confidential information deleted therefrom may be made part of the public record.
25 Any party filing any document under seal must comply with the requirements of Civil
26 Local Rule 141.

27

28

6. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; [and] (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) experts specifically retained as consultants or expert witnesses in connection with this litigation; (g) a person shown on the face of the confidential document to have authored or received it; (h) a court reporter or videographer retained in connection with this action who has received the "Declaration of Compliance" (Exhibit A); (i) any juror or alternative

juror who has received the "Declaration of Compliance" (Exhibit A); (j) any witness in this action who has received the "Declaration of Compliance" (Exhibit A); (k) professional jury, trial consultants, mock jurors, and professional vendors who has received the "Declaration of Compliance" (Exhibit A); and (l) any person who is retained to assist a party or attorney with this action who has received the "Declaration of Compliance" (Exhibit A).

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) counsel for the parties retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) Plaintiff; (c) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (d) the Court and its personnel; (e) court reporters or videographers, their staffs, and professional vendors retained in connection with this action who has received the "Declaration of Compliance" (Exhibit A); (f) the author of the document or the original source of the information; (g) any witness in this action who has received the "Declaration of Compliance" (Exhibit A); (h) Professional jury, trial consultants, mock jurors, and professional vendors who has received the "Declaration of Compliance" (Exhibit A); and (i) any person who is retained to assist a party or

attorney with this action who has received the "Declaration of Compliance" (Exhibit A).

9. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7(f) or 8(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

10. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 7 and Paragraph 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation (including any appeals), materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but

excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed or returned to the Producing Party.

    (a)    Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents for a period of up to 7 years after termination of this action (including any appeals) and solely for use in a malpractice dispute arising out of this matter between the attorney or that attorney's law firm and their client in this matter. After that period, the archival copies of confidential documents shall be returned to the producing party or destroyed.

14.    In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis by meeting and conferring concerning that issue within 10 days from the date the challenge is made. in accordance with Civil Local Rule 251(b). If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court in accordance with Civil Local Rule 251(c). The Designating Party shall provide their position regarding the Joint Statement regarding the Discovery Disagreement to the party objecting within 7 days of the parties meet and confer .During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

15.    Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order. In other words, nothing herein shall be construed as limiting a Party's use of

1    its own Confidential Information and such use shall not constitute a waiver of the
2    terms of this Order or the status of such information as Confidential Information. Any
3    of the Parties can remove their designation of Confidential Information from any
4    information it has previously so designated.

5        16.    This Order shall govern pretrial proceedings only, and nothing set forth
6    herein prohibits the use at trial of any Confidential Information or affects the
7    admissibility of any evidence. The procedures to govern the use and disclosure of
8    Confidential Information and the redaction of any "Confidential Information
9    designation may be the subject of further agreement of the Parties or order of
10   the Court.

11       17.    The Court retains the right to allow disclosure of any subject covered by
12   this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED.

Dated:   March 20, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

Dated: March 19th, 2025

Respectfully submitted,

JONES DAY

*/s/ Angela Taylor*
Angela Taylor

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

MUSICK, PEELER & GARRETT LLP

*/s/ Donald E. Bradley*
Donald E. Bradley

*Attorney for Defendant*
*Trans Union LLC*

Nokes & Quinn

*/s/ Tom Quinn*
Tom Quinn

*Attorney for Defendant*
*Equifax Information Services, LLC*

Womble Bond Dickinson LLC

*/s/ Berenika Palys*
Berenika Palys

*Attorney for Defendant*
*AmeriCredit Financial Services,*
*d/b/a GM Financial*

CONSUMER JUSTICE LAW FIRM

*/s/ Jenna Dakroub*
Jenna Dakroub

*Attorney for Plaintiff,*
*Marilyn Kay Burke*

# EXHIBIT A
# DECLARATION OF COMPLIANCE

1. I, _____, declare as follows:

2. My address is _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

6. I have carefully read and understand the provisions of this Stipulated Protective Order.

7. I will comply with all provisions of this Stipulated Protective Order.

8. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

9. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

10. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals),, I will destroy or return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

11. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

1  I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.
3
4  Executed this ____ day of _____, 20__, at _____.
5
6                                          _____
7                                          QUALIFIED PERSON